IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ORLANDO RILEY,

    Plaintiff,

v.

LATOYA HUGHES, CHAD JENNINGS,
and KAYCEE REDMAN,

    Defendants.

Case No. 25-cv-68-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Orlando Riley, a former inmate of the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Riley alleges that he was improperly held after his release date in violation of the Eighth and Fourteenth Amendments.

The case is now before the Court on Riley's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7). Riley's Complaint is not subject to 28 U.S.C. § 1915A because he was not a prisoner at the time he filed his Complaint. *See* 28 U.S.C. § 1915A(a). But because he did not pay the filing fee and, instead, filed a motion to proceed without prepayment of fees, his Complaint is subject to review pursuant to 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(a)(1) an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed

1

without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied that Riley is indigent for purposes of Section 1915(a). He is not currently employed and relies on monthly Social Security Income ("SSI") for a disability (Doc. 7, p. 2). Riley's attached bank account also shows that he has very little funds and numerous expenses (Doc. 8). As Riley is unable to pay the filing fee, the Court **GRANTS** his motion for leave to proceed without prepaying fees or costs (Doc. 7).

Because Riley is proceeding without prepayment of the filing fee, the Court must now screen Riley's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

## The Complaint

Riley alleges that on February 19, 2020, he was sentenced to a term of 7.5 years imprisonment, to run concurrent with a 1-year sentence imposed in a separate case, to be followed by a 3-year term of Mandatory Supervised Release ("MSR") (Doc. 1, p. 3). Riley alleges that under the current Illinois statute, he was required to serve 50% of his sentence. Based on his calculation of his sentence, he was to serve 3.75 years for his first conviction, 6 months for his concurrent sentence, and 1.5 years of MSR (*Id.*).

Riley alleges that he served his required 4 years and 3 months in prison (*Id.*). Upon his release for MSR, however, he was "violated at the gate" because he lacked a host site (*Id.*). Thus, he remained at Illinois River Correctional Center for 3 months before being sent to a halfway house (*Id.* at p. 4). After 8 months at the halfway house, Riley voluntarily terminated his MSR due to living conditions at the halfway house and returned to prison (*Id.*). Riley received a credit of 11 months of MSR and was returned to Robinson Correctional Center on December 28, 2023 (*Id.*).

While at Robinson, Riley discovered that prison officials at the prison miscalculated his release date (Doc. 1, p. 4). During his pre-trial custody at Kane County, he received credit for 493 days of custody, as well as 151 days of program credit for participating in a county jail program (*Id.*). Riley learned that officials at Robinson only included the 493 days of pre-trial custody towards his sentence calculation. They failed to include the 151 days of program credit (*Id.*). Further, an additional 110 days of sentence credit was not calculated by the prison.

Riley filed a grievance about the calculation error, but was told that the Illinois Department of Corrections ("IDOC") does not recognize program sentence credits earned at the county jail (Doc. 1, p. 4). Riley alleges, however, that state law allows inmates to receive credit for such programs. 730 ILCS 5/5-4.5-100(c-5). Riley filed a motion with the sentencing court, and on April 2, 2024, the sentencing court modified the order to omit mention of the program credit (*Id.* at p. 4). Thus, Riley was granted 644 days of pre-trial custody credit (*Id.*).

But despite the new sentencing credit, Riley failed to receive an updated calculation sheet from the prison. He spoke to Kaycee Redman, the records office supervisor at Robinson, but she said he was not getting any credit despite the order from the sentencing judge (*Id*. at p. 5). He spoke to Warden Chad Jennings about the issue, noting that his correct outdate of May 30, 2024, was approaching (*Id*.). He informed Jennings that Redman refused to add the sentencing credit despite the sentencing court's order. Although Jennings indicated that he would "look into it," he never responded to Riley's request (*Id*.). Riley's family also contacted IDOC Director Latoya Hughes on numerous occasions (Doc. 1, p. 5). Hughes took no action in response to the complaints.

Because the prison failed to correctly calculate his release date, Riley remained in prison and was subjected to excessive confinement. He remained in prison at least 151 days after the end of his sentence (*Id*. at p. 6). Riley notes that there was an additional 110 days on his calculation sheet that, if he received credit for, he would have been released 261 days earlier (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Defendants Kaycee Redman, Chad Jennings, and Latoya Hughes for allegedly refusing to correct Riley's sentence computation and release him on his designated release date.

**Count 2:** Fourteenth Amendment claim against Defendants Kaycee Redman, Chad Jennings, and Latoya Hughes for allegedly refusing to correct Riley's sentence computation and release him on his designated release date.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Although an inmate cannot use Section 1983 as a vehicle to challenge the length or validity of their sentence, an inmate may be able to pursue a claim under Section 1983 that does not undermine a valid conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Here, Riley is no longer in prison and does not call for earlier release. *See e.g., Williams v. Jeffreys,* 2022 WL 523726 at *1 (S.D. Ill. Feb. 22, 2022) (finding that an inmate could not use a Section 1983 action to challenge IDOC's incorrect data entry about his sentence because his challenge could lead to earlier release); *Chambers v. Raines*, 2016 WL 3620707 at * 1 (C.D. Ill. June 29, 2016) (finding that a current inmate whose parole had been revoked could not use a Section 1983 action for monetary damages to challenge the validity of parole revocation evidence, because that would necessarily imply the invalidity of the revocation). He only seeks monetary damages for the time he was held past his release date. A judgment in Riley's favor would not invalidate his conviction or sentence. *See Peterson v. James*, 2021 WL 2554458 at *2 (S.D. Ill. June 22, 2021) (finding that a former inmate could pursue Eighth and Fourteenth Amendment claims for prison staff

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

improperly holding the inmate beyond his release date). Further, "incarceration after the time specified in a sentence has expired" can violate the Eighth Amendment. *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). *See also Turner v. Godinez*, 693 F. App'x 449, 454 (7th Cir. 2017) ("allegations that Department of Correction staff intentionally held him for too long state[s] a claim under the Eighth Amendment"). The prolongment of Riley's sentence also states a Fourteenth Amendment due process claim. *Werner v. Wall,* 836 F.3d 751, 761 (7th Cir. 2016); *Armato v. Grounds*, 766 F.3d 713, 721-22 (7th Cir. 2014). Thus, Riley states viable claims for the prolongment of his incarceration in Counts 1 and 2.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Kaycee Redman, Chad Jennings, and Latoya Hughes.

The Clerk of Court shall prepare for Kaycee Redman, Chad Jennings, and Latoya Hughes: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Riley. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Riley, the employer shall furnish the Clerk with the defendant's current work address, or, if not

6

known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Riley, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Riley is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  May 1, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**